**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2843-23

BEZALEL GROSSBERGER,

    Plaintiff-Appellant,

v.

FAST OIL LLC,
TEVA ENVIRONMENTAL
CONSULTANTS LLC,
ROBERT CORMACK, ESQ.,

    Defendants-Respondents.

_____

        Argued March 4, 2026 – Decided July 23, 2026

        Before Judges Smith and Jablonski.

        On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Docket No. L-2333-22.

        Bezalel Grossberger, appellant, argued the cause on appellant's behalf.

        Respondents have not filed a brief.

PER CURIAM

Bezalel Grossberger appeals from a host of orders issued from both the Law and Chancery Divisions. In summary, he argues these courts erred by denying his various motions—including those to vacate an arrest order, waive filing fees, obtain transcripts, and enjoin actions related to the subject property, as well as those holding him in contempt, dismissing his complaint, transferring venue, and granting defendant Robert Cormack Esq.'s motion to quash a subpoena. We affirm.

I.

We discern the following facts and procedural history from the record. In late 2007, Grossberger contracted to purchase two properties from Osnate and Aryeh Weinstein, respectively, intending to build a schul, a place of worship for those of the Jewish faith. Litigation ensued in 2012 when the Weinsteins sued Grossberger for breach of contract and damages and Grossberger cross-claimed for specific performance. In 2013, the Chancery Division in Ocean County granted summary judgment in favor of the Weinsteins and dismissed Grossberger's counterclaims. Grossberger did not appeal those rulings.

Motion practice followed as the Weinsteins then sought to recover damages against Grossberger. After Grossberger filed numerous applications

2

related to the development of the property, he was restrained from additional filings absent permission. This prohibition was reinforced in a January 7, 2016, order by the Assignment Judge of Ocean County.[1] Both orders afforded Grossberger the right to appeal these restraints. He did not.

Grossberger also sought to become involved in other interests possessed by the Weinsteins in Essex County. The Weinsteins owned a commercial property in Newark which was subject to the scrutiny of the New Jersey Department of Environmental Protection for alleged unlicensed oil recycling. In Essex County Superior Court, Grossberger filed defamation, fraud, and environmental claims against the Weinsteins and Cormack, their attorney. Grossberger alleged defamation, fraud against him resulting from alleged material misrepresentations against him in the Ocean County litigation, and wrongdoing related to acquisition of the property by fraudulent means. The Assignment Judge of Essex County ultimately transferred this matter to Ocean County. Because of Grossberger's Rosenblum status, the Essex County Assignment Judge asked the Ocean County Assignment Judge to consider the

---

[1] The order is consistent with the relief we permitted in Rosenblum v. Borough of Closter, 333 N.J. Super. 385 (App. Div. 2000). In Rosenblum, we considered whether self-represented litigants could be enjoined from filing applications on the grounds that prior complaints might have been considered "frivolous" and would result "in harassing and vexatious litigation." Id. at 387.

A-2843-23

propriety of the Essex County litigation. The Ocean County Assignment Judge dismissed the Essex complaint with prejudice, concluding it lacked merit and was repetitive.

Grossberger continued to petition the Ocean County trial courts for various relief, including a stop-work order on the Ocean County property and permission to pursue criminal complaints against Aryeh Weinstein. Those complaints were dismissed or were not accepted for filing under the Ocean County Rosenblum order.

In October 2023, the court partially granted defendants' motion for contempt and sanctions, withdrawing Grossberger's right to file papers without fees and permitting post-judgment discovery to ascertain Grossberger's income and assets. The court found that Grossberger persisted in filing claims designed to relitigate previously decided issues and harass prior parties and their attorney.

In January 2024, the court ordered Grossberger to complete discovery submitted by defendants to ascertain his financial status. Grossberger subpoenaed Cormack's bank records, but the court quashed that subpoena, finding the request was based on disposed proceedings. Grossberger failed to comply with the January 2024 order, resulting in a $500 fine and an order to

4

respond. The court reserved the right to impose further fines and order Grossberger's arrest and incarceration if he did not comply.

On May 16 and May 20, 2024, the court ordered Grossberger's arrest for noncompliance, with the proviso the order would be vacated if he complied with the requirements. Although Grossberger paid the $500 fine, he did not answer the questions fully. His motion to vacate the arrest order was denied and his attempt to remove the sanctions issue to federal court was unsuccessful.

Grossberger appeals eighteen trial court orders alleging ten separate points of error. In sum, he contends doctrines such as entire controversy, collateral estoppel, and judicial estoppel do not bar review where fraud is alleged, and that justiciable controversies remain regarding the deed and contract validity that should have precluded summary judgment. He further argues an active title dispute was never adjudicated, new evidence of fraud and documentary defects were improperly disregarded by the trial court, and his litigation conduct was not frivolous. He also challenges the imposition of sanctions and argues his notice of removal to federal court should have stayed proceedings in Ocean County, including the issuance of a warrant for his arrest.

A-2843-23

Following our detailed review of Grossberger's contentions, we conclude his arguments lack merit to address in a written opinion. R. 2:11-(3)(1)(E). We comment only on three issues he raises.

A.

First, Grossberger urges us to exercise original jurisdiction over the entirety of the proceedings in this matter since there are legal issues involved and the public interest is implicated. We decline to do so.

Rule 2:10-5 permits us to "exercise . . . original jurisdiction as is necessary to the complete determination of any matter on review." Rivera v. Union Cnty. Prosecutor's Off., 250 N.J. 124, 146 (2022). That power should be employed "sparingly." State v. Jarbath, 114 N.J. 394, 412 (1989). "In determining whether to exercise original jurisdiction, [we] must not only weigh consideration of efficiency and the public interest that militate in favor of bringing a dispute to a conclusion[,] but must evaluate whether the record is adequate to permit the court to conduct its review." Price v. Himeji, LLC, 214 N.J. 263, 295 (2013). Generally, we have "exercised such jurisdiction to resolve a single issue to conclude litigation, or to end perpetual or lengthy litigation." Allstate Ins. Co. v. Fisher, 408 N.J. Super. 289, 301 (App. Div. 2009).

Grossberger's argument does not specify which aspects of this substantial litigation he wishes us to address through this discretionary power. This lack of clarity prevents us from conducting a substantive review of his claim. Nevertheless, after independently reviewing the numerous court proceedings which comprise the record, we are satisfied that each trial judge whose orders are under scrutiny developed a thorough record regarding the relevant issues, enabling them to resolve the matters presented to them properly and completely.

B.

Second, Grossberger argues there is new evidence that should have been considered by the trial court. He argues the trial court mistakenly exercised its discretion and misapplied the law when it failed to consider allegations of fraud and challenges to jurisdiction. Grossberger contends he has standing to assert fraud against the Weinsteins and the subsequent property owners based on recent "realignment" of the property. We are not persuaded.

Rule 4:50-3 provides:

> A motion under R[ule] 4:50 does not suspend the operation of any judgment, order, or proceeding or affect the finality of a final judgment, nor does this rule limit the power of a court to set aside a judgment, order[,] or proceeding for fraud upon the court or to

A-2843-23

entertain an independent actions to relieve a party from a judgment, order[,] or proceeding.

Relief under this rule may be obtained without limitation as to time. Tara Enters., Inc. v. Daribar Mgmt. Corp., 369 N.J. Super. 45, 52 (App. Div. 2004). However, the fraud referred to in the Rule must be fraud upon the court. Id. at 53. A fraud on the court occurs if it can be demonstrated, "clearly and convincingly, that a party has [consciously] set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposition party's claim or defense." Triffin v. Automatic Data Processing, Inc., 411 N.J. Super. 292, 298 (App. Div. 2010) (quoting Aoude v. Mobile Oil Corp., 892 F.2d 1115, 1118 (1st Cir. 1989)).

Grossberger is not entitled to relief under Rule 4:50-3. In his merits brief, Grossberger offers only conclusory statements that fail to present clear and convincing evidence of fraud upon the court—an extraordinary claim that is never presumed. Stoecker v. Echevarria, 408 N.J. Super. 597, 617 (App. Div. 2009). His assertions are similarly unsupported by the record and rely on unspecified allegations of fraud purportedly committed by the ultimate purchasers of the Ocean County properties. These claims are speculative and

do not provide a sufficient basis to vacate the orders related to this purchase. We are satisfied that Grossberger has not established fraud nor deception sufficient to warrant vacating the orders at issue.

C.

Finally, although not specifically expressed by Grossberger in his merits brief, it appears his focus is a determination that his filings in both the Ocean County litigation and the Essex County proceedings should not have been considered frivolous and the trial court wrongfully imposed a <u>Rosenblum</u> order on him. We disagree.

Initially, we note Grossberger, despite the opportunities to appeal the <u>Rosenblum</u> order imposed over a decade ago by both the Chancery Division judge and the Ocean County Assignment Judge, did not pursue that relief.

We review a court's order enjoining a litigant from further filings for a mistaken exercise of discretion. <u>Parish v. Parish</u>, 412 N.J. Super. 39, 51 (App. Div. 2010); <u>Rosenblum</u>, 333 N.J. Super. at 392. "A court [mistakenly exercises its discretion] when a decision is '"made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis."'" <u>Terranova v. Gen. Elec. Pension Tr.</u>, 457 N.J. Super.

404, 410 (App. Div. 2019) (quoting U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012)).

Grossberger argues "Ocean County has adopted a policy to deny access under a theory 'anything submitted is presumed frivolous without need to review.'" We disagree.

We acknowledge "the complete denial of the filing of a claim without judicial review of its merits would violate the constitutional right to access of the courts." Parish, 412 N.J. Super. at 48 (quoting Rosenblum, 333 N.J. Super. at 390). Still, "courts have the inherent authority, if not the obligation, to control the filing of frivolous motions and to curtail 'harassing and vexatious litigation.'" Ibid. (quoting Rosenblum, 333 N.J. Super. at 387). Indeed "'[w]here a pattern of frivolous litigation can be demonstrated, the Assignment Judge can prevent the complaint from being filed[,]' when other available sanctions, such as monetary penalties, proved unsuccessful as a deterrent." Id. at 49 (second alteration in original) (quoting Rosenblum, 333 N.J. Super. at 391-92).

The "discretionary exercise of the extreme remedy of enjoining or conditioning a litigant's ability to present his or her claim to the court must be used sparingly; it is not a remedy of first or even second resort." Id. at 54.

Indeed, such an extreme remedy will "clearly require the Assignment Judge to do more than conclude [the party's] prior complaints were frivolous." Rosenblum, 333 N.J. Super. at 396. Instead, the Assignment Judge must assess the "volume and disposition of the cases" filed by the litigant, "address the allegations in the present complaints," "give reasons for [the] conclusion that the complaints may not be filed," "be assured that more traditional sanctions will not protect against frivolous litigation," and "review the new complaint to be assured that a meritorious claim is not suppressed." Id. at 396-97; see also Parish, 412 N.J. Super. at 54.

In this matter, the Ocean County Assignment Judge based her order on a prior determination by the Chancery Division judge who was assigned to the Ocean County litigation, who had detailed the circumstances surrounding concerns about multiple filings and successive motions for reconsideration submitted by Grossberger.[2] The Assignment Judge ultimately concluded this relief was warranted due to Grossberger's persistent "duplicative and vexatious

_____

[2] Although the orders entered by both the Chancery Division judge and the Assignment Judge provide sufficient detail for our review of Grossberger's argument that his filing was not frivolous, we note he has not provided transcripts of the proceedings before the Chancery Division in November 2015, when the original restraints were imposed, nor of the proceedings before the Assignment Judge in January 2016, which confirmed those prohibitions. See R. 2:6-1(a)(1)(I).

A-2843-23

filings," which appeared to be identical to those already considered and decided. The Assignment Judge further noted Grossberger's filings lacked merit and did not "raise any issues or claims that have not otherwise been disposed of in the [Ocean County] litigation."

Importantly, the order does not bar Grossberger's access to the court for any meritorious filing that may be permitted by the Assignment Judge. Consistent with Rosenblum, the Assignment Judge's orders allow for the filing and adjudication of matters only after obtaining the Assignment Judge's approval.

Applying these principles, we are satisfied the Ocean County Assignment Judge did not mistakenly exercise her discretion in designating Grossberger as a vexatious litigant and enjoining future filings without prior judicial approval.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

12                                                                          A-2843-23